IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY ABEYTA,

      Plaintiff,

   v.

SANTA CLARA COUNTY DEPARTMENT OF
CORRECTIONS/SHERIFF DEPARTMENT,
et al.,

      Defendants.

No. C 07-04660 CW (PR)

ORDER OF SERVICE

Plaintiff Joseph Anthony Abeyta, a state prisoner, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations while incarcerated at Santa Clara County Jail (SCCJ). He has been granted leave to proceed in forma pauperis (IFP).

Venue is proper in this district because the events giving rise to the action occurred at SCCJ, which is located in this district. See 28 U.S.C. § 1371(b).

BACKGROUND

Plaintiff alleges that Defendants Santa Clara County Department of Corrections/Sheriff Department, SCCJ Correctional Sergeant Csabanyi and SCCJ Correctional Officer Anthony Durante violated his constitutional rights. Specifically, Plaintiff claims that Defendant Durante kicked him in the face, used pepper spray on him, and hit him multiple times in the head as well as the facial area while Plaintiff was blindfolded and restrained. Plaintiff claims that he suffered lumps, bruises and cuts. He also alleges that Defendant Csabanyi is liable as a supervisor.

**United States District Court**
For the Northern District of California

Plaintiff seeks injunctive relief and monetary damages.

DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Legal Claims

A.   Excessive Force Claim

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)); see Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) ("The Due Process clause protects pretrial detainees from the use of excessive force that amounts to punishment . . . .  Graham

2

1   therefore explicates the standards applicable to a pretrial

2   detention excessive force claim in this circuit.") (citations

3   omitted).[1]

4       To determine whether particular restrictions and conditions

5   accompanying pretrial detention amount to punishment in the

6   constitutional sense of the word, the court first looks to whether

7   the disability imposed is for the purpose of punishment or whether

8   it is but an incident of some other legitimate governmental

9   purpose. See Bell, 441 U.S. at 538.  Absent a showing of an

10  express intent to punish, whether a restriction amounts to

11  punishment will generally turn on whether there is an alternative,

12  rational purpose for the restriction, and whether the restriction

13  then appears excessive in relation to that purpose. See id.  If a

14  restriction or condition is not reasonably related to a legitimate

15  goal, i.e., if it is arbitrary or purposeless, the court may infer

16  that the purpose of the action is punishment. See id. at 539.

17      Liberally construed, Plaintiff's allegations state a

18  cognizable claim against Defendant Durante for the use of excessive

19  force.

20      B.   Supervisory Liability Claim

21

22      Plaintiff sues Defendant Csabanyi in her supervisory capacity.

23  Plaintiff does not allege facts demonstrating that Defendant

24  Csabanyi violated his federal rights, but seems to claim Defendant

25  Csabanyi is liable based on the conduct of her subordinate,

26  _____

27      [1]   Cf. Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043
    (9th Cir. 1996) (Fourth Amendment reasonableness standard applies to
28  allegations of use of excessive force against pre-arraignment
    detainee).

**United States District Court**
For the Northern District of California

Defendant Durante.   There is, however, no respondeat superior liability under § 1983 solely because a defendant is responsible for the actions or omissions of another.   See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."   Id.   A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."   Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Plaintiff's claim against Defendant Csabanyi is therefore dismissed with leave to amend.   He may file an amendment to the complaint that alleges supervisory liability under the standards explained above.

C.   Municipal Liability

Finally, Plaintiff has not alleged grounds for municipal liability against Defendant Santa Clara County Department of Corrections/Sheriff Department based on any theory other than that of respondeat superior.   This is not a sufficient ground for municipal liability.   See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory).   Accordingly, Plaintiff's claim against Defendant Santa Clara County Department of Corrections/Sheriff Department is DISMISSED with leave to amend. If Plaintiff can in good faith assert facts which state

constitutionally cognizable claims for relief against this municipal Defendant he may include them in his amendment to the complaint.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff has stated a cognizable claim against Defendant Durante for the use of excessive force.

2.   Plaintiff's supervisory liability claim against Defendant Csabanyi is DISMISSED WITH LEAVE TO AMEND as indicated above.

3.   Plaintiff's municipal liability claim against Defendant Santa Clara County Department of Corrections/Sheriff Department is DISMISSED WITH LEAVE TO AMEND as indicated above.

4.   Within thirty (30) days of the date of this Order Plaintiff may file amended supervisory and municipal liability claims against Defendants Csabanyi and Santa Clara County Department of Corrections/Sheriff Department as set forth above in Sections II(B) and (C) of this Order. (Plaintiff shall resubmit only those claims and not the entire complaint.) The failure to do so will result in the dismissal without prejudice of the supervisory liability claim against Defendant Csabanyi and the municipal liability claim against Defendant Santa Clara County Department of Corrections/Sheriff Department.

5.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to Defendant SCCJ

**United States District Court**
For the Northern District of California

1  <u>Correctional Officer Anthony Durante (#2406)</u>.  The Clerk of the

2  Court shall also mail a copy of the complaint and a copy of this

3  Order to the Office of the Santa Clara County Counsel.

4  Additionally, the Clerk shall mail a copy of this Order to

5  Plaintiff.

6        6.   Defendant is cautioned that Rule 4 of the Federal Rules

7  of Civil Procedure requires Defendant to cooperate in saving

8  unnecessary costs of service of the summons and complaint.

9  Pursuant to Rule 4, if Defendant, after being notified of this

10 action and asked by the Court, on behalf of Plaintiff, to waive

11 service of the summons, fail to do so, Defendant will be required

12 to bear the cost of such service unless good cause be shown for

13 Defendant's failure to sign and return the waiver form.  If service

14 is waived, this action will proceed as if Defendant had been served

15 on the date that the waiver is filed, except that pursuant to Rule

16 12(a)(1)(B), Defendant will not be required to serve and file an

17 answer before <u>sixty (60) days</u> from the date on which the request

18 for waiver was sent.  (This allows a longer time to respond than

19 would be required if formal service of summons is necessary.)

20 Defendant is asked to read the statement set forth at the foot of

21 the waiver form that more completely describes the duties of the

22 parties with regard to waiver of service of the summons.  If

23 service is waived after the date provided in the Notice but before

24 Defendant has been personally served, the Answer shall be due <u>sixty</u>

25 <u>(60) days</u> from the date on which the request for waiver was sent or

26 <u>twenty (20) days</u> from the date the waiver form is filed, whichever

27 is later.

28

**United States District Court**
For the Northern District of California

7.   Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure.   The following briefing schedule shall govern dispositive motions in this action:

a.   No later than <u>thirty (30) days</u> from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.   The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.   If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due.   All papers filed with the Court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than <u>thirty (30) days</u> after the date on which Defendant's motion is filed.   The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided

**United States District Court**
For the Northern District of California

1        in Rule 56(e), that contradict the facts shown in the
2        defendant's declarations and documents and show that
      there is a genuine issue of material fact for trial.  If
3        you do not submit your own evidence in opposition,
      summary judgment, if appropriate, may be entered against
4        you.  If summary judgment is granted [in favor of the
      defendants], your case will be dismissed and there will
5        be no trial.

6  See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

7  banc).

8       Plaintiff is advised to read Rule 56 of the Federal Rules of

9  Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

10  (party opposing summary judgment must come forward with evidence

11  showing triable issues of material fact on every essential element

12  of his claim).  Plaintiff is cautioned that because he bears the

13  burden of proving his allegations in this case, he must be prepared

14  to produce evidence in support of those allegations when he files

15  his opposition to Defendant's dispositive motion.  Such evidence

16  may include sworn declarations from himself and other witnesses to

17  the incident, and copies of documents authenticated by sworn

18  declaration.  Plaintiff will not be able to avoid summary judgment

19  simply by repeating the allegations of his complaint.

20       c.  If Defendant wishes to file a reply brief, Defendant

21  shall do so no later than fifteen (15) days after the date

22  Plaintiff's opposition is filed.

23       d.  The motion shall be deemed submitted as of the date

24  the reply brief is due.  No hearing will be held on the motion

25  unless the Court so orders at a later date.

26      8.  Discovery may be taken in this action in accordance with

27  the Federal Rules of Civil Procedure.  Leave of the Court pursuant

28

United States District Court
For the Northern District of California

to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

9.   All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

10.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

11.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

     IT IS SO ORDERED.

DATED: 12/4/08           _____
                        CLAUDIA WILKEN
                        United States District Judge

1

2

3

4

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH A. ABEYTA,

Case Number: CV07-04660 CW

                    Plaintiff,

**CERTIFICATE OF SERVICE**

    v.

SANTA CLARA COUNTY DEPT. OF
CORRECTIONS et al,

                    Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Anthony Abeyta CHY429

Santa Clara City Correction Department

03026633

885 N. San Pedro Street

San Jose, CA 95110

Dated: December 4, 2008

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.07\Abeyta4660.service.wpd          10