IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH A. ABEYTA,

        Plaintiff,

   v.

SANTA CLARA COUNTY DEPT. OF CORRECTIONS,

        Defendant.
                                       /

No. C 07-04660 CW

ORDER SETTING TRIAL DATE AND REFERRING CASE FOR SETTLEMENT CONFERENCE

    NOTICE IS HEREBY GIVEN that a five day jury trial will commence on July 26, 2010, at 8:30 a.m.  A pretrial conference will be held on June 29, 2010, at 2:00 p.m.  Parties shall comply with the attached Order for Pretrial Preparation.  Fact and expert discovery shall be completed by July 31, 2009.  Parties shall disclose identities and reports of expert witnesses by July 1, 2009.  Defendant shall file any motion for summary judgment or other dispositive motion by August 31, 2009.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the further opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the

1  Court shall be promptly served on Plaintiff.

2      Plaintiff's opposition to the dispositive motion shall be
3  filed with the Court and served on Defendant no later than <u>thirty</u>
4  <u>(30) days</u> after the date on which Defendant's motion is filed.  The
5  Ninth Circuit has held that the following notice should be given to
6  <u>pro se</u> plaintiffs facing a summary judgment motion:

>       The defendants have made a motion for summary
> judgment by which they seek to have your case dismissed.
> A motion for summary judgment under Rule 56 of the
> Federal Rules of Civil Procedure will, if granted, end
> your case.
>
>       Rule 56 tells you what you must do in order to
> oppose a motion for summary judgment.  Generally, summary
> judgment must be granted when there is no genuine issue
> of material fact -- that is, if there is no real dispute
> about any fact that would affect the result of your case,
> the party who asked for summary judgment is entitled to
> judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary
> judgment that is properly supported by declarations (or
> other sworn testimony), you cannot simply rely on what
> your complaint says.  Instead, you must set out specific
> facts in declarations, depositions, answers to
> interrogatories, or authenticated documents, as provided
> in Rule 56(e), that contradict the facts shown in the
> defendant's declarations and documents and show that
> there is a genuine issue of material fact for trial.  If
> you do not submit your own evidence in opposition,
> summary judgment, if appropriate, may be entered against
> you.  If summary judgment is granted [in favor of the
> defendants], your case will be dismissed and there will
> be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

   Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared

to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

If Defendant wishes to file a reply brief, Defendant shall do so no later than <u>fifteen (15) days</u> after the date Plaintiff's opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant or Defendant's counsel.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases

3

1 may be referred to a magistrate judge for a settlement conference.
2 The Court finds that a referral is in order and the case is hereby
3 REFERRED to Magistrate Judge Vadas for a settlement conference.

4     The conference shall take place within one-hundred twenty
5 (120) days of the date of this Order, or as soon thereafter as is
6 convenient to the magistrate judge's calendar.  Magistrate Judge
7 Vadas shall coordinate a time and date for the conference with all
8 interested parties and/or their representatives and, within ten
9 (10) days after the conclusion of the conference, file with the
10 Court a report regarding the conference.

11     The Clerk shall provide a copy of this Order, and copies of
12 documents from the court file that are not accessible
13 electronically, to Magistrate Judge Vadas.

14     IT IS SO ORDERED.

16 Dated: 3/18/09

                                      CLAUDIA WILKEN
                                      United States District Judge

**United States District Court**
For the Northern District of California

ORDER FOR PRETRIAL PREPARATION
(Prisoner Cases)

PRETRIAL CONFERENCE

Not less than 10 days prior to the pretrial conference, each party shall file the pretrial statement required by Civil L.R. 16-10(b)(6).  The pretrial conference statement shall contain the following information:

(1)  The Action.

   (A) Substance of the Action.  A brief description of the substance of claims and defenses which remain to be decided.

   (B) Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

(2)  The Factual Basis of the Action.

   (A)  Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

   (B)  Disputed Factual Issues.  A plain and concise statement of all disputed factual issues which remain to be decided.

   (C)  Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

   (D)  Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

(3)  Disputed Legal Issues.   Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4)  Further Discovery or Motions.  A statement of all remaining discovery or motions.

(5)  Trial Alternatives and Options.

   (A)  Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

   (B)  Consent to Trial Before a Magistrate Judge.  A statement whether the parties consent to a court or jury trial

5

before a magistrate judge, with appeal directly to the Ninth Circuit.

    (C) Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6) Miscellaneous. Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

In addition, each party shall submit the following:

    a. Exhibit List and Objections. The exhibit list required by Civil L.R. 16-10(b)(7) shall list each proposed exhibit by its number (see Civil L.R. 30-2(b)), description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence. No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good cause shown. Parties shall also deliver a set of premarked exhibits to the Courtroom Deputy. The exhibit markers shall each contain the name and number of the case, the number of the exhibit, and blanks to accommodate the date admitted and the Deputy Clerk's initials. Appropriate sample forms are attached.

    b. Trial briefs. Briefs on all significant disputed issues of law, including foreseeable procedural and evidentiary issues.

    c. Proposed Voir Dire. The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to parties at the beginning of voir dire. Each party may submit a set of additional requested voir dire.

    d. Joint Proposed Jury Instructions. As applicable, jury instructions §1.1A, §1.1C, §1.2 through §1.17, §1.19, §2.1 through

6

§2.13, §3.1 through §3.3 from the <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u> (2007 Edition) will be given absent objection.  Parties shall each submit one set of additional proposed jury instructions.  The instructions shall be ordered in a logical sequence, together with a table of contents.  Authority for each instruction shall be included as part of the submission.

Whenever possible, parties shall deliver to the Courtroom Deputy a copy of their proposed jury instructions on a computer disk in WordPerfect or ASCII format.  The disk label should include the name of the parties, the case number and a description of the document.

    e.   Proposed Verdict Forms.

    f.   Proposed Findings of Fact and Conclusions of Law (Court Trial only).  Whenever possible, parties shall deliver to the Courtroom Deputy a copy of their proposed findings of fact and conclusions of law on a computer disk in WordPerfect or ASCII format.  The disk label should include the name of the parties, the case number and a description of the document.

    g.   Witness List.  No party shall be permitted to call any witness in its case-in-chief that is not disclosed in its pretrial statement without leave of the Court for good cause shown.  **Each party must arrange to subpoena and produce the witnesses they wish to call.**

<u>JURY SELECTION</u>

The Jury Commissioner will summon 20 to 25 prospective jurors.  The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons so that eight (or more for a lengthy trial) will remain after all peremptory

1 challenges and an anticipated number of hardship dismissals and cause
2 challenges have been made.

3 The Court will then take cause challenges, and discuss hardship
4 claims from the individual jurors, outside the presence of the venire.
5 The Court will inform the parties which hardship claims and cause
6 challenges will be granted, but will not announce those dismissals
7 until the process is completed.  Each party may then list in writing
8 up to three peremptory challenges.  The parties will review each
9 other's lists and then submit them to the Courtroom Deputy.

10 Then, from the list of jurors in numerical order, the Court will
11 strike the persons with meritorious hardships, those excused for
12 cause, and those challenged peremptorily, and call the first eight
13 people in numerical sequence remaining.  Those people will be the
14 jury.

15 All jurors remaining at the close of the case will deliberate.
16 There are no alternates.

17 / / /
18 / / /

1  SANCTIONS
2       Failure to comply with this Order is cause for sanctions under
3  Federal Rule of Civil Procedure 16(f).
4
5       IT IS SO ORDERED.     
6
7                             _____
                              CLAUDIA WILKEN
8                             UNITED STATES DISTRICT JUDGE

9

# JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. Your place of birth: _____

4. Do you rent or own your own home? _____

5. Your marital status: (circle one)

    single    married    separated    divorced    widowed    live with partner

6. What is your occupation, and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

   _____
   _____

7. Who is (or was) your employer?

   _____

8. How long have you worked for this employer? _____

9. Please list the occupations of any adults with whom you live.

   _____

10. If you have children, please list their ages and sex and, if they are employed, please give their occupations.

    _____
    _____
    _____

**United States District Court**
For the Northern District of California

1  11.   Please describe your educational background:
2        Highest grade completed: _____
3        College and/or vocational schools you have attended:
4  _____
5  _____
6  _____
7  _____
8        Major areas of study:_____
9  12.   Have you ever served on a jury before? _____    How many
10       times?_____
11       If yes:  State/County Court _____   Federal Court _____
12       When? _____
13       Was it a civil or criminal case? _____
14       Did the jury(ies) reach a verdict? _____
15
16 (rev. 10/07)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH A. ABEYTA,

        Plaintiff,

v.

SANTA CLARA COUNTY DEPT. OF CORRECTIONS et al,

        Defendant.

Case Number: CV07-04660 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 18, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Anthony Abeyta CHY429
Santa Clara City Correction Department
03026633
885 N. San Pedro Street
San Jose, CA 95110

Dated: March 18, 2009

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk